IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

———————————————————— )
DEAN KRAKAUER and ROBBIN )
KRAKAUER, )
 )
           Plaintiffs, )
 )   Civ. No. 09-00518 ACK-BMK
      vs. )
 )
INDYMAC MORTGAGE SERVICES, A )
DIVISION OF ONEWEST BANK, FSB, A )
FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB; DOES 1-20, )
 )
           Defendants. )
———————————————————— )
 )
INDYMAC MORTGAGE SERVICES, A )
DIVISION OF ONEWEST BANK, FSB, A )
FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB, )
 )
           Counterclaimants, )
 )
      vs. )
 )
DEAN KRAKAUER and ROBBIN )
KRAKAUER, )
 )
           Counterclaim )
           Defendants. )
———————————————————— )

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO LR 56.1(g) FOR ADMISSION OF MATERIAL FACTS BASE[D] ON NEWLY DISCOVERED EVIDENCE FOR WRONGFUL FORECLOSURE**

**PROCEDURAL BACKGROUND**

On October 27, 2009, Dean Krakauer and Robbin Krakauer (collectively, "Plaintiffs") filed a complaint ("Complaint") in

-1-

this Court against Indymac Mortgage Services and OneWest Bank, FSB ("OneWest").  ECF No. 1.  On December 28, 2009, Defendants filed an answer to the Complaint as well as a counterclaim ("Counterclaim") against the Plaintiffs.  ECF No. 5.

Plaintiffs filed a First Amended Complaint on July 30, 2010.  ECF No. 43.  On August 23, 2010, Defendants filed a motion for summary judgment as to both the First Amended Complaint and the Counterclaim ("2010 MSJ").  ECF No. 46.  Defendants also filed a Concise Statement of Facts for the 2010 MSJ ("2010 MSJ CSF").  ECF No. 47.  Plaintiffs filed an Opposition to the 2010 MSJ on September 28, 2010, but Plaintiffs did not file a concise statement of facts.  ECF No. 53.  Defendants filed a Response in Support of the 2010 MSJ on November 30, 2010.  ECF No. 56.  This Court held a hearing on the 2010 MSJ on December 13, 2010 and subsequently issued its "Order Granting Defendants/ Counterclaimants' Motion for Summary Judgment" on December 14, 2010 ("2010 MSJ Order").  ECF No. 57 and 59.  On January 6, 2011, the Court issued its "Order Granting Decree of Foreclosure and Appointing Commissioner."  ECF No. 64.  On June 22, 2012, the Court issued its "Order Requiring Another Foreclosure Sale" because Defendants failed to follow the requirements in the January 6, 2011 order.  ECF No. 120.

On January 2, 2013, Plaintiffs filed a "Motion for Summary Judgment Pursuant to LR 56.1(g) for Admission of Material

Facts Base[d] on Newly Discovered Evidence for Wrongful

Foreclosure and Strike Def[]endant, (Counterclaimant), Onewest

Bank, FSB's Memorandum in Opposition" ("Krakauer MSJ").  ECF No.

132.  Defendants filed a Memorandum in Opposition to the Krakauer

MSJ on January 22, 2013.  ECF No. 138.  Plaintiffs filed a Motion

in Support of the Krakauer MSJ on February 4, 2013.  ECF No. 139.

Plaintiffs also filed a "Submission for Order of Findings of Fact

and Conc[l]usions of Law Under Local Rule 52.1," which asks this

Court for a judgment reflecting Plaintiffs' arguments in the

Krakauer MSJ.  ECF No. 140.  The Court determined that this

matter could be decided without a hearing under Local Rule

7.2(d).  ECF No. 135.

### FACTUAL BACKGROUND

In August 2002, Plaintiffs bought a vacant lot located

at 71-1620 Puulani Place, Kailua-Kona, Hawai'i, 96740

("Property").  2010 MSJ CSF Ex. G at 4, Ex. M.[1/]  On March 31,

2006, in order to build a home on the Property, Plaintiffs

executed and delivered a promissory note ("Note") in favor of

IndyMac Bank, FSB ("IndyMac").  2010 MSJ CSF Ex. A, Ex. F, Ex. G

---

[1/] For the purposes of this order, this Court uses
Defendants' 2010 MSJ CSF to establish the facts of this case.
See D. Haw. Local Rule 56.1(g)("[T]he moving party's concise
statement will be deemed admitted unless controverted by a
separate concise statement of the opposing party.").  As this
Court noted in the 2010 MSJ Order, all of the material facts in
the 2010 MSJ CSF are deemed admitted because Plaintiffs did not
timely file a separate concise statement of facts.  See 2010 MSJ
Order at 2 n.1.

at 7.  To secure payment on the Note, Plaintiffs executed a mortgage encumbering the Property in favor of IndyMac ("Mortgage").  2010 MSJ CSF Ex. B.  The Mortgage was recorded on April 7, 2006, in the State of Hawai'i Bureau of Conveyances ("Bureau") as Document No. 2006-065052.  2010 MSJ CSF Ex. B.

IndyMac was closed by the United States Office of Thrift Supervision on July 11, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was named Conservator of IndyMac. 2010 MSJ Order at 4 n.5, ECF No. 59; Nicholson v. OneWest Bank, Civ. No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 n.2 (N.D. Ga. Apr. 20, 2010); FDIC Failed Bank Information, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited on Feb. 20, 2013).  On March 19, 2009, the FDIC completed the sale of IndyMac to OneWest, and almost all of IndyMac's deposits were transferred to OneWest.  Id.

At some point in time subsequent to IndyMac's closure, the FDIC as Receiver for IndyMac assigned Plaintiffs' Mortgage to OneWest ("OneWest Assignment").[2/]  2010 MSJ CSF Ex. C, Plntfs.' Mtn. to Dismiss Ex. A.  The OneWest Assignment was recorded at the Bureau on July 6, 2010.  Id.  Erica Johnson-Seck signed the OneWest Assignment as attorney-in-fact for the FDIC as Receiver for IndyMac.  Id.  The Bureau also has a recorded Assignment of

---

[2/] As this Court noted in its 2010 MSJ Order, the exact time when IndyMac assigned its interest in the Mortgage to OneWest is unclear.  2010 MSJ Order at 4 n.5, ECF No. 59.

-4-

Mortgage from FDIC as Receiver for IndyMac to OneWest that is dated April 14, 2010, which is signed by both Bryan Bly and Chris Jones, each of whom is an attorney-in-fact for the FDIC ("Bly OneWest Assignment"). Plaintiffs' MSJ Ex. 3.

After Plaintiffs executed the Mortgage and Note, Plaintiffs received about $540,000 toward the construction of a house that was subsequently built on the Property. See 2010 MSJ CSF Ex. G at 11-13, 40-42. From August 2008 through April 2009, Plaintiffs made the required payments (many of which were late) under the Note and Mortgage to OneWest. 2010 MSJ CSF Ex. D, Ex. G at 45-46. After April 2009, Plaintiffs failed to make their scheduled payments under the Note and Mortgage. 2010 MSJ CSF Ex. D, Ex. G at 12-13. Consequently, on September 10, 2009, OneWest recorded a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" at the Bureau. 2010 MSJ CSF Ex. E. Plaintiffs filed a First Amended Complaint to prevent OneWest's non-judicial foreclosure sale, and OneWest filed a counterclaim to establish OneWest's right to foreclose the Mortgage and sell the Property. ECF No. 1, ECF No. 5 at 6-8. OneWest subsequently filed a Motion for Summary Judgment for both Plaintiffs' First Amended Complaint and OneWest's Counterclaim, which this Court granted in December of 2010. ECF No. 59. The Court subsequently issued an order granting decree of foreclosure and appointing a commissioner to

sell the Property on June 22, 2012.[3/]   ECF No. 120.   Plaintiffs now bring this motion alleging that there is new evidence warranting a reversal of this Court's 2010 MSJ Order and that summary judgment should be entered in Plaintiffs' favor.   ECF No. 132.

### STANDARD OF REVIEW

The Court construes Plaintiffs' challenge of the 2010 MSJ Order as a FRCP 60(b) motion for reconsideration because Plaintiffs' arguments contesting the validity of OneWest's ownership of the Mortgage and Note were addressed in this Court's 2010 MSJ Order.

A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).   The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if

---

[3/] The Court originally issued an order granting decree of foreclosure and appointing a commissioner in January of 2011, but the subsequent sale did not conform to the terms of the order. ECF No. 64, ECF No. 113.   As a result, the Court did not approve the first sale and issued another order for a second sale of the Property.   ECF No. 113 and 120.

there is an intervening change in controlling law." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).

FRCP 60(b)(2) provides that a Court may relieve a party from a final judgment or order if a party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Under FRCP 60(b)(2), "the moving party must show that the evidence (i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is of such a material and controlling nature as will probably change the outcome." <u>U.S. v. Tanoue</u>, 165 F.R.D. 96, 97 (D. Haw. 1995)(citing <u>Coastal Transfer Co. v. Toyota Motor Sales</u>, 833 F.2d 208, 211 (9th Cir. 1987).

FRCP 60(b)(3) allows the Court to provide relief if the opposing party committed fraud, misrepresentation, or misconduct. For reconsideration on the basis of fraud, the fraud must not have been discoverable by due diligence before or during the proceeding, and the fraud must be materially related to the submitted issue. <u>U.S. v. Tanoue</u>, 165 F.R.D. 96, 98 (D. Haw. 1995) (citing <u>Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union</u>, 952 F.2d 1144, 1148 (9th Cir. 1988).

Furthermore, a motion under Rule 60(b)(2) or (3) must be made within a reasonable time – for cases involving newly discovered evidence or fraud, such a motion must be made no more than one year after the entry of the order from which a party seeks relief.  FRCP 60(c).

FRCP 60(b)(6) allows a court to relieve a party from a final judgment if there is "any other reason that justifies relief."  This Rule should be utilized "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997) (abrogation on other grounds recognized by Jackson v. Roe, 425 F.3d 654, 658-61 (9th Cir. 2005)).

**A. Special Considerations for Pro Se Litigants**

Pro se pleadings and briefs are to be construed liberally.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990).  When a pro se plaintiff technically violates a rule, the court should act with leniency toward the pro se litigant.  Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  However, pro se litigants are "not excused from knowing the most basic pleading requirements."  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must follow the same rules of

-8-

procedure that govern other litigants.  <u>Motoyama</u>, 864 F. Supp. 2d at 975.

## <u>DISCUSSION</u>

**I.  Whether Plaintiffs' Motion for Reconsideration is Timely**

As an initial matter, this Court notes that the Krakauer MSJ, regardless of whether the Court considers the motion as an actual motion for summary judgment or a motion for reconsideration, is untimely.  The deadline for dispositive motions in this case, such as a motion for summary judgment, was set for August 23, 2010, over two years ago.  <u>See</u> ECF No. 41. In this case, the Plaintiffs' pro se status does not prevent the Court from denying this untimely motion for summary judgment filed over two years after the dispositive motions deadline.  <u>See</u> <u>Am. Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1107 (9th Cir. 2000)(court denied pro se plaintiff the opportunity to make a personal jurisdiction objection under FRCP 12(b) because plaintiff failed to timely file the objection).

However, even if the Court considers the Krakauer MSJ as a motion for reconsideration under FRCP 60(b)(2) or (3), the motion is still untimely.  Plaintiffs filed their motion on January 2, 2013, over two years after this Court issued the 2010 MSJ Order.  ECF No. 59 and 132.  Plaintiffs' motion is based on the discovery of "new evidence" and that the assignments were the result of fraud.  <u>See</u> Krakauer MSJ at 2-14.  Such a motion under

-9-

Rule 60(b)(2) or (3) must be made no more than one year after the entry of the order from which a party seeks relief.  FRCP 60(c). In this case, Plaintiffs were required to file their motion by December 14, 2011.  Accordingly, this Court denies Plaintiffs' motion to the extent that it relies on FRCP 60(b)(2) and (3) as untimely.  <u>See</u> <u>Smalling v. State of Arizona</u>, Civ. No. 09-1062, 2009 WL 2177318 (D. Ariz. 2009) (court denied pro se plaintiff's motion for reconsideration because plaintiff filed motion over two years after the judge's prior order).

**II.  Whether this Court Should Grant Reconsideration Under FRCP 60(b)(2) or 60(b)(3) Because of "New Evidence" and Fraud Regarding the OneWest Assignments**

In addition to the timeliness issue mentioned above, the Court notes that reconsideration is not appropriate because Plaintiffs could have presented their arguments at the 2010 MSJ hearing on December 13, 2010.  Plaintiffs state that they now have "new evidence" showing that Johnson-Seck, Bly, and Jones committed fraud and forgery by signing their names on the assignments transferring the Mortgage and Note to OneWest. Krakauer MSJ at 6-7, 10.

Under FRCP 60(b)(2), A party's "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"  <u>School Dist. No. 1J, Multnomah Cnty. v. ACandS Inc.</u>, 5 F.3d 1255, 1263

(9th Cir. 1993).  Additionally, reconsideration is not justified on the basis of evidence that reasonably *could* have been discovered prior to the court's initial ruling.  Hopkins v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992) (overruled on other grounds), Fay Corp. v. Bat Holdings I, 651 F. Supp. 307, 309 (W.D. Wash. 1987).

FRCP 60(b)(3) reconsideration on the basis of fraud has a similar requirement that the fraud must not have been discoverable by due diligence before or during the prior proceeding.  U.S. v. Tanoue, 165 F.R.D. 96, 98 (D. Haw. 1995) (citing Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1988)

In this case, the assignments forming the basis for Plaintiffs' "new evidence" and fraud arguments were available months before the December 2010 MSJ hearing - the assignment signed by Johnson-Seck was dated July 6, 2010, and the assignment signed by Bly and Jones was dated April 14, 2010.  Krakauer MSJ at Ex. 2 & 3, ECF No. 132.  In fact, Plaintiffs raised the arguments regarding the Johnson-Seck assignment in 2010, and the Court considered these arguments when it issued its 2010 MSJ Order.  See 2010 MSJ Order at 21 n.17, 26-27.  Accordingly, Plaintiffs' arguments and evidence related to Johnson-Seck do not qualify for reconsideration.

Plaintiffs' other evidence in the form of citations to cases, exhibits of signature pages, and depositions related to the Bly and Jones assignment are dated months before December 13, 2010.  Krakauer MSJ Ex. 3, 4, 5.[4/]  This evidence does not meet FRCP 60(b)(2) or (3)'s criteria because it reasonably could have been discovered prior to the 2010 MSJ hearing.  See Hopkins v. Andaya, 958 F.2d 881, 887 n.5 (9th Cir. 1992) (overruled on other grounds) (rejecting affidavit for reconsideration of order granting summary judgment because party could have deposed the witness or submitted the affidavit to contest the motion for summary judgment).[5/]

## III. Whether this Court Should Grant Reconsideration Under FRCP 60(b)(6).

FRCP 60(b)(6) allows a court to relieve a party from a final judgment if there is "any other reason that justifies relief."  This Rule should be utilized "only where extraordinary circumstances prevented a party from taking timely action to

---

[4/] The Court finds that Plaintiffs' evidence dated after December 2010 does not require a reconsideration of its December 2010 MSJ Order for the reasons stated in Section IV.  Infra at 12-17.

[5/] This Court also notes that Plaintiffs' affidavit attached to their reply is insufficient to prove that the power of attorney documents, which grant authority to Johnson-Seck, Bryan Bly, and Chris Jones to sign on behalf of FDIC as Receiver for IndyMac, are invalid.  Besides the fact that the affidavit violates Local Rule 7.4 by raising new issues in a reply, Plaintiffs should have presented the power of attorney arguments at the December 2010 hearing.

prevent or correct an erroneous judgment." <u>Greenawalt</u>, 105 F.3d at 1273.  No extraordinary circumstances exist regarding the Johnson-Seck assignment, for Plaintiffs presented their arguments at the December 2010 hearing.  <u>See</u> 2010 MSJ Order at 21 n.17, 26-27.  There are also no extraordinary circumstances warranting reconsideration under Rule 60(b)(6) for the Bly and Jones assignment because Plaintiffs could have presented their arguments in December 2010.  Krakauer MSJ Ex. 1, 2, 3, 4, 5; <u>See</u> <u>Greenawalt</u>, 105 F.3d at 1273 (pro se plaintiff's inattention or inexperience did not constitute an "extraordinary circumstance" under Rule 60(b)(6)).

## IV.  Whether Plaintiffs' Evidence is of a "Strongly Convincing Nature to Induce the Court to Reverse its Prior Decision"

In addition to the above reasons, the Court notes that the evidence provided by Plaintiffs is not of a "strongly convincing nature to induce the court to reverse its prior decision."[6]  <u>See</u> <u>Hele Ku KB</u>, 873 F. Supp. 2d at 1289. Plaintiffs do not refute the Court's prior findings that OneWest established the existence and terms of the Mortgage and Note, that Plaintiffs defaulted under the Note and Mortgage, and that

---

[6] This Court finds that Plaintiffs' arguments referring to the Racketeer Influenced and Corrupt Organizations Act are without merit because (1) such arguments are irrelevant to the current case, and (2) the arguments were initially presented in Plaintiffs' reply in violation of Local Rule 7.4.  <u>See</u> Krakauer MSJ Reply at 4.

Plaintiffs had sufficient notice of the default.  2010 MSJ Order
at 5, 31-34.  Plaintiffs' challenge of OneWest's assignments does
not convince the Court that the 2010 Summary Judgment Order in
favor of OneWest should be reversed.

As noted in the 2010 MSJ Order, Defendant OneWest
produced a direct chain of paper title showing its ownership of
the Mortgage and Note.  See 2010 MSJ Order at 27, 31-34.  The
original Mortgage recorded with the Bureau on April 7, 2006,
states that the initial lender is IndyMac.  2010 MSJ CSF at Ex.
B, ECF No. 47.  Defendants recorded the OneWest Assignment signed
by Johnson-Seck that transferred the Mortgage from IndyMac to
OneWest on July 6, 2010.  2010 MSJ CSF Ex. C, ECF No. 47.  This
Court in the 2010 MSJ Order also took judicial notice that the
OneWest Assignment signed by Johnson-Seck was recorded in the
Bureau's online database of official public records.[7]  2010 MSJ
Order at 27.

While the Court in its 2010 MSJ Order noted that the
July 6, 2010 assignment was recorded after OneWest sent
Plaintiffs a notice of intention to foreclose on the Property;
the Court found that, under Hawai'i law, the timing of the

_____

[7] While the assignment signed by Bly and Jones might
arguably be considered new evidence; the evidence is not material
or controlling because both this assignment and the OneWest
Assignment signed by Johnson-Seck list OneWest as the assignee
and the rightful owner of the Mortgage and Note.  Krakauer MSJ
Ex. 2 at 4-5 and Ex. 3 at 2.

-14-

recording of the assignment did not prevent OneWest from exercising its foreclosure rights.  2010 MSJ Order at 26-29.  The Hawai'i Court of Appeals in <u>IndyMac Bank v. Miguel</u> held that a defendant could retroactively cure a standing defect existing at the beginning of the lawsuit by perfecting its interest prior to the court's order granting summary judgment and the entry of the decree of foreclosure.  <u>IndyMac Bank v. Miguel</u>, 117 Hawai'i 506, 517 (App. 2008).  The Hawai'i court reasoned that dismissing a case like the one currently before this Court would cause needless expense and delay because the parties would merely re-file and relitigate the matter.  <u>Id.</u>  OneWest cured the defect in standing by recording its assignment on July 6, 2010.  Krakauer MSJ at Ex. 2.  This assignment in addition to the chain of paper title explained above provides sufficient evidence of OneWest's ownership of the Mortgage; Plaintiffs' arguments do not induce this Court to hold otherwise.

Furthermore, even if Plaintiffs met the requirements of FRCP 60(b)(2),(3), or (6), Plaintiffs lack standing to challenge the validity of the assignments from FDIC as Receiver for IndyMac to OneWest because Plaintiffs are not a party to the assignments.  <u>See</u> <u>Beesley</u>, 2012 WL 5383555 at *4.  Under Hawaii law, third parties like the Plaintiffs generally "do not have enforceable contract rights."  <u>Velasco v. Sec. Nat'l Mortgage Co.</u>, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011) (quoting <u>Ass'n of Apartment</u>

-15-

<u>Owners of Newtown Meadows v. Venture 15, Inc.</u>, 115 Hawai'i 232, 270 (2007)).  Allegations of fraud or that a party lacked authority to enter a contract make a contract voidable, not void. <u>Deutsche Bank Trust Co., v. Beesley</u>, Civ. No. 12-00067 SOM-KSC, 2012 WL 5383555 at *5 (D. Haw. 2012).  While a void contract has no legal effect and cannot be enforced against any party; a voidable contract remains effective until one of the parties who created the contract chooses to avoid it.  <u>Id.</u>  For a voidable contract, only the parties who made the contract can seek avoidance of the contract.  <u>Id.</u>  Accordingly, Plaintiffs' evidence does not induce the Court to reverse its 2010 MSJ Order because Plaintiffs are merely third parties, not creators, of the assignments they are challenging.

Additionally, the type of evidence presented by Plaintiffs does not induce the Court to reverse its prior decision.  Plaintiffs attempt to use Exhibit 6, which is a Consent Order issued by the Office of Thrift Supervision ("OTS") on April 13, 2011, to prove that OneWest participated in "unsafe or unsound practices" regarding foreclosure and related activities.  Krakauer MSJ at 8.  However, the Court finds that this evidence is neither material nor controlling on the issue of OneWest's ownership of the Mortgage and Note because the Consent Order does not identify specific bad acts that relate to the

OneWest assignments in this particular case.[8/]   See Krakauer MSJ Ex. 6 Courts have rejected arguments similar to Plaintiffs' vague allegations of bad conduct committed by mortgage loan companies. See Beesley, 2012 WL 5383555 at *4 (noting that "sweeping accusations concerning the mortgage loan industry" did not invalidate the specific assignments in the case before the court).   Accordingly, this Court also holds that Plaintiffs' vague allegations of "unsafe or unsound practices" is not material to the ultimate issue of whether or not OneWest is the valid owner of the Mortgage and Note.

Additionally, Plaintiffs' evidence related to Johnson-Seck, Bly, and Jones' positions at different companies are not materially related to the issue of whether or not these agents had authority to sign the OneWest Assignments.   The fact that these agents held positions in different companies does not mean that the FDIC failed to authorize them to sign on the FDIC's behalf.   See Beesley, 2012 WL 5383555 at *6 (noting in the foreclosure context that the fact that a person holds positions in multiple companies does not automatically invalidate an

---

[8/] The Consent Order states that it was issued "before the filing of any notices, or taking of any testimony or adjudication of or finding on any issues of fact or law."   See Krakauer MSJ Ex. 6 at 3.   The Consent Order does not constitute an admission on the part of OneWest to any of the allegations made or implied by the OTS; rather, the Consent Order appears to operate as a general agreement between OneWest and the OTS to evaluate and strengthen OneWest's oversight and compliance programs.   See Id. at 3-5.

assignment).   The signature pages that Plaintiffs attach to their
motion do not show that the signatures were obtained by fraud or
forgery.   See Krakauer MSJ Ex. 2 and 3.   While Plaintiffs may
personally believe that the signatures are illegitimate;
presenting random signature pages and a personal affidavit
alleging fraud and forgery is insufficient to prove that such
fraud or forgery actually occurred.[9]   See Beesley, 2012 WL
5383555 (plaintiffs' mere opinion that signer is a "robosigner"
is insufficient to challenge bank's standing to foreclose).[10]

## CONCLUSION

        For the foregoing reasons, the Court DENIES Plaintiffs'
Motion for Summary Judgment Pursuant to LR 56.1(g) for Admission
of Material Facts Base[d] on Newly Discovered Evidence for
Wrongful Foreclosure.

---

        [9] Plaintiffs cite OneWest Bank v. Drayton, 910 N.Y.S.2d 857
(N.Y. App. Div. 2010) as proof that Johnson-Seck is a robosigner.
See Krakauer MSJ at 3-4.   First, Plaintiffs could have discovered
this case before the December 2010 MSJ hearing.   Second, the
Court finds that this case does not refute that Johnson-Seck had
authority to sign on behalf of FDIC as receiver for IndyMac.   The
judge in Drayton asked OneWest Bank for information explaining
Johnson-Seck's employment history, but such an inquiry does not
constitute proof of fraud for Plaintiffs' case.   Drayton, 910
N.Y.S.2d at 860.

        [10] The Court also rejects Plaintiffs' demands for oaths from
Defendants' attorneys and Plaintiffs' allegations of misconduct
on the part of Defendants' attorneys.   See Krakauer MSJ at 7;
Krakauer MSJ Reply at 3, 7.   Plaintiffs have not proven that
OneWest's claims are fraudulent or that Defendants' attorneys
have violated any rules.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, February 26, 2013.



_____
Alan C. Kay
Sr. United States District Judge


<u>Krakauer et al. v. Indymac Mortgage Services et al.</u>, Civ. No. 09-00518 ACK-BMK: ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO LR 56.1(g) FOR ADMISSION OF MATERIAL FACTS BASE[D] ON NEWLY DISCOVERED EVIDENCE FOR WRONGFUL FORECLOSURE