IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
_____
                              )
DEAN KRAKAUER and ROBBIN      )
KRAKAUER,                     )
                              )
          Plaintiffs,         )
                              ) Civ. No. 09-00518 ACK-BMK
     vs.                      )
                              )
INDYMAC MORTGAGE SERVICES, A  )
DIVISION OF ONEWEST BANK, FSB, A)
FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB; DOES 1-20,         )
                              )
          Defendants.         )
_____)
                              )
INDYMAC MORTGAGE SERVICES, A  )
DIVISION OF ONEWEST BANK, FSB, A)
FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB,                    )
                              )
          Counterclaimants,   )
                              )
     vs.                      )
                              )
DEAN KRAKAUER and ROBBIN      )
KRAKAUER,                     )
                              )
          Counterclaim        )
          Defendants.         )
_____)
```

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS/COUNTERCLAIMANTS' SUMMARY JUDGMENT PURSUANT TO FRCP RULE 12(b)(1)**

**PROCEDURAL BACKGROUND**

On October 27, 2009, Dean Krakauer and Robbin Krakauer (collectively, "Plaintiffs") filed a complaint ("Complaint") in

-1-

this Court against Indymac Mortgage Services and OneWest Bank, FSB ("OneWest").  ECF No. 1.  On December 28, 2009, Defendants filed an answer to the Complaint as well as a counterclaim ("Counterclaim") against the Plaintiffs.  ECF No. 5.

Plaintiffs filed a First Amended Complaint on July 30, 2010.  ECF No. 43.  On August 23, 2010, Defendants filed a motion for summary judgment as to both the First Amended Complaint and the Counterclaim ("2010 MSJ").  ECF No. 46.  Defendants also filed a Concise Statement of Facts for the 2010 MSJ ("2010 MSJ CSF").  ECF No. 47.  Plaintiffs filed an Opposition to the 2010 MSJ on September 28, 2010, but Plaintiffs did not file a concise statement of facts.  ECF No. 53.  Defendants filed a Response in Support of the 2010 MSJ on November 30, 2010.  ECF No. 56.  This Court held a hearing on the 2010 MSJ on December 13, 2010 and subsequently issued its "Order Granting Defendants/ Counterclaimants' Motion for Summary Judgment" on December 14, 2010 ("2010 MSJ Order").  ECF No. 57 and 59.  On January 6, 2011, the Court issued its "Order Granting Decree of Foreclosure and Appointing Commissioner."  ECF No. 64.  On June 22, 2012, the Court issued its "Order Requiring Another Foreclosure Sale" because Defendants failed to follow the requirements in the January 6, 2011 order.  ECF No. 120.

On November 9, 2012, Plaintiffs filed a "Motion for Dismiss Counterclaimants['] [2010 MSJ Order] Pursuant to FRCP

Rule 12(b)(1) for Lack of Standing to Foreclose" ("Motion to Dismiss"). ECF No. 127. Defendants Filed a Memorandum in Opposition to Plaintiffs' Motion to Dismiss on December 19, 2012. ECF No. 130. Plaintiffs did not file a reply.[1] See ECF No. 130-132. The Court determined that this matter could be decided without a hearing under Local Rule 7.2(d). ECF No. 135.

## FACTUAL BACKGROUND

In August 2002, Plaintiffs bought a vacant lot located at 71-1620 Puulani Place, Kailua-Kona, Hawai'i, 96740 ("Property"). 2010 MSJ CSF Ex. G at 4, Ex. M.[2] On March 31, 2006, in order to build a home on the Property, Plaintiffs executed and delivered a promissory note ("Note") in favor of IndyMac Bank, FSB ("IndyMac"). 2010 MSJ CSF Ex. A, Ex. F, Ex. G at 7. To secure payment on the Note, Plaintiffs executed a mortgage encumbering the Property in favor of IndyMac

---

[1] Instead of filing a reply for the Motion to Dismiss, Plaintiffs filed a "Motion for Summary Judgment Pursuant to LR 56.1(g) for Admission of Material Facts Base[d] on Newly Discovered Evidence for Wrongful Foreclosure and Strike Defe[]ndant, (Counterclaimant), OneWest Bank, FSB's Memorandum in Opposition." ECF No. 132. The Court has chosen to address this motion in a separate order.

[2] For the purposes of this order, this Court uses Defendants' 2010 MSJ CSF to establish the facts of this case. See D. Haw. Local Rule 56.1(g)("[T]he moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."). As this Court noted in the 2010 MSJ Order, all of the material facts in the 2010 MSJ CSF are deemed admitted because Plaintiffs did not timely file a separate concise statement of facts. See 2010 MSJ Order at 2 n.1.

("Mortgage").  2010 MSJ CSF Ex. B.  The Mortgage was recorded on April 7, 2006, in the State of Hawai'i Bureau of Conveyances ("Bureau") as Document No. 2006-065052.  2010 MSJ CSF Ex. B.

IndyMac was closed by the United States Office of Thrift Supervision on July 11, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was named Conservator of IndyMac. 2010 MSJ Order at 4 n.5, ECF No. 59; Nicholson v. OneWest Bank, Civ. No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 n.2 (N.D. Ga. Apr. 20, 2010); FDIC Failed Bank Information, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited on Feb. 20, 2013).  On March 19, 2009, the FDIC completed the sale of IndyMac to OneWest, and almost all of IndyMac's deposits were transferred to OneWest.  Id.

At some point in time subsequent to IndyMac's closure, the FDIC as Receiver for IndyMac assigned Plaintiffs' Mortgage to OneWest ("OneWest Assignment").[3/]  2010 MSJ CSF Ex. C, Plntfs.' Mtn. to Dismiss Ex. A.  The OneWest Assignment was recorded at the Bureau on July 6, 2010.  Id.  Erica Johnson-Seck signed the OneWest Assignment as attorney-in-fact for the FDIC as Receiver for IndyMac.  Id.

After April 2009, Plaintiffs failed to make their scheduled payments under the Note and Mortgage.  2010 MSJ CSF Ex.

---

[3/] As this Court noted in its 2010 MSJ Order, the exact time when IndyMac assigned its interest in the Mortgage to OneWest is unclear.  2010 MSJ Order at 4 n.5, ECF No. 59.

D, Ex. G at 12-13.  Consequently, on September 10, 2009, OneWest recorded a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" at the Bureau.  2010 MSJ CSF Ex. E.  Plaintiffs filed a First Amended Complaint to prevent OneWest's non-judicial foreclosure sale, and OneWest filed a counterclaim to establish OneWest's right to foreclose the Mortgage and sell the Property.  ECF No. 1, ECF No. 5 at 6-8.  OneWest filed a Motion for Summary Judgment for both Plaintiffs' First Amended Complaint and OneWest's Counterclaim, which this Court granted in December of 2010.  ECF No. 59.  The Court subsequently issued an order granting decree of foreclosure and appointing a commissioner to sell the Property on June 22, 2012.[4]  ECF No. 120.  After three years of litigation and on the eve of confirmation of the sale of the Property, Plaintiffs now bring this motion alleging that this Court lacks subject matter jurisdiction over the case.

### **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss an action for "lack of subject-matter jurisdiction."  For this FRCP 12(b)(1) motion, Defendants have the burden of establishing standing to foreclose on the Property.

---

[4] The Court originally issued an order granting decree of foreclosure and appointing a commissioner in January of 2011, but the subsequent sale did not conform to the terms of the order. ECF No. 64, ECF No. 113.  As a result, the Court did not approve the first sale and issued another order for a second sale of the Property.  ECF No. 113 and 120.

See Robinson v. U.S., 586 F.3d 683, 685 (9th Cir. 2009) ("[T]he party asserting subject matter jurisdiction has the burden of proving its existence."). A FRCP 12(b)(1) motion may (1) attack the allegations of a pleading as insufficient to confer subject matter jurisdiction on the court ("facial attack") or (2) "attack the existence of subject matter jurisdiction in fact" ("factual attack"). Malama Makua v. Rumsfeld, 136 F. Supp. 2d 1155, 1159 (D. Haw. 2001); White, 227 F.3d at 1242.

In this case, Plaintiffs present a factual attack on subject matter jurisdiction. Deutsche Bank Trust Co. v. Beesley, Civ. No. 12-00067 SOM/KSC, 2012 WL 5383555 at *3 (D. Haw. 2012) (party's argument that bank lacked standing to foreclose constituted a factual attack on the court's subject matter jurisdiction). For a factual attack, a court may accept and evaluate evidence to determine whether jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

**A. Special Considerations for Pro Se Litigants**

Pro se pleadings and briefs are to be construed liberally. Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990). The court should act with leniency toward pro se litigants when they technically violate a rule. Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). However, pro se litigants are "not excused from knowing the most basic

pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Pro se litigants must follow the same rules of procedure that govern other litigants. Motoyama, 864 F. Supp. 2d at 975.

## DISCUSSION

**I. Whether this Court has Subject Matter Jurisdiction**

Under Article III of the Constitution of the United States, parties must have standing for this Court to have jurisdiction. Chapman v. Pier 1 Imports, 631 F.3d 939, 946 (9th Cir. 2011). A party must show that the "conduct of which he complains has caused him to suffer an injury in fact that a favorable judgment will redress." Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12, 124 S. Ct. 2301, 2308 (2004).

Plaintiffs allege that OneWest does not own the Mortgage and Note because the OneWest Assignment is invalid; therefore, OneWest lacks standing to foreclose on the Property. Plntfs.' Mtn. to Dismiss at 2. Plaintiffs claim that Erica Johnson-Seck, who signed on behalf of the FDIC as receiver for IndyMac, had no authority to sign the OneWest Assignment because she has no "official power of Attorney from the FDIC." Id.

Contrary to Plaintiffs' assertions, Defendant OneWest sufficiently established its standing to foreclose on the Property in the December 2010 MSJ. 2010 MSJ Order at 24-29. Under Hawai'i law, a party who shows "a direct chain of paper

title that he is the owner of the land demonstrates prima facie evidence of their contents and that title is vested in that [party]." Beesley, 2012 WL 5383555 at *3 (citing Apana v. Kapano, 20 Haw. 399, 403 (1911) (internal quotation marks omitted).

As noted in the 2010 MSJ Order, Defendant OneWest produced a direct chain of paper title. See 2010 MSJ Order at 27, 31-34. The original Mortgage recorded with the Bureau on April 7, 2006, states that the initial lender is IndyMac. 2010 MSJ CSF at Ex. B, ECF No. 47. Defendants recorded the OneWest Assignment transferring the Mortgage from IndyMac to OneWest on July 6, 2010. 2010 MSJ CSF Ex. C, ECF No. 47. This Court in the 2010 MSJ Order also took judicial notice that the OneWest Assignment was recorded in the Bureau's online database of official public records. 2010 MSJ Order at 27. Under these facts, Defendant OneWest provided sufficient evidence establishing standing to pursue its rights under the Mortgage.

Additionally, Plaintiffs lack standing to challenge the validity of the assignment from FDIC as receiver for IndyMac to OneWest because Plaintiffs are not a party to the OneWest Assignment. See Beesley, 2012 WL 5383555 at *4. Under Hawaii law, third parties like the Plaintiffs generally "do not have enforceable contract rights." Velasco v. Sec. Nat'l Mortgage Co., 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011) (quoting Ass'n of

Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawai'i 232, 270 (2007)). A lack of authority to enter a contract, which is Plaintiffs' argument regarding the OneWest Assignment, makes a contract voidable, not void. Beesley, 2012 WL 5383555 at *5. While a void contract has no legal effect and cannot be enforced against any party; a voidable contract remains effective until one of the parties who created the contract chooses to avoid it. Id. For a voidable contract, only the parties who made the contract can seek avoidance of the contract. Id. Accordingly, the Court will not set aside the OneWest Assignment at the request of Plaintiffs, who are merely third parties, not creators, of the assignment.

Furthermore, the Court rejects Plaintiffs' unsupported assertion that Ms. Johnson-Seck was not an attorney-in-fact for the FDIC as Receiver for Indymac Bank. See Plntfs.' Mtn. to Dismiss at 2. Plaintiffs' own Exhibit A, which is a copy of the OneWest Assignment, shows that the notary statement on page 2 references a power of attorney dated May 21, 2009, appointing Ms. Johnson-Seck as an attorney-in-fact for the FDIC ("2009 POA"). The notary statement further states that the 2009 POA is recorded at the Bureau as Document No. 3895089. See Plntfs.' Mtn. to Dismiss Ex. A at 2. The Court takes judicial notice of the fact that the 2009 POA is listed in the Bureau's online database of

official public records.[5/]  State of Hawaii Department of Land and Natural Resources Bureau of Conveyances - Official Public Records, https://boc.ehawaii.gov/docsearch/documentDetails.html?documentNumber=T3895089&caller=PAGE_DOCUMENT_NUMBER_SEARCH (last visited Feb. 20, 2013).  Accordingly, the Court concludes that OneWest Bank has standing to foreclose because the evidence before the Court shows that the OneWest Assignment is valid.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Dismiss Counterclaimants' Summary Judgment Pursuant to FRCP Rule 12(b)(1).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, February 26, 2013.



_____
Alan C. Kay
Sr. United States District Judge

Krakauer et al. v. Indymac Mortgage Services et al., Civ. No. 09-00518 ACK-BMK: ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANTS/COUNTERCLAIMANTS' SUMMARY JUDGMENT PURSUANT TO FRCP RULE 12(b)(1).

---

[5/] Fed. R. Evid. 201 provides that courts may sua sponte take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."