IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| ——————————————————— | ) | |
| DEAN KRAKAUER and ROBBIN KRAKAUER, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. No. 09-00518 ACK-BMK |
| vs. | ) | |
| | ) | |
| INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB, A FEDERAL SAVINGS BANK; ONEWEST BANK, FSB; DOES 1-20, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |
| | ) | |
| INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB, A FEDERAL SAVINGS BANK; ONEWEST BANK, FSB, | ) ) ) ) | |
| | ) | |
| Counterclaimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEAN KRAKAUER and ROBBIN KRAKAUER, | ) ) | |
| | ) | |
| Counterclaim Defendants. | ) ) | |
| ——————————————————— | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER FRCP 60(b)(3)and PROOF OF SUPERIOR LIEN HOLD**

**PROCEDURAL BACKGROUND**

On October 27, 2009, Dean Krakauer and Robbin Krakauer

(collectively, "Plaintiffs") filed a complaint ("Complaint") in

this Court against Indymac Mortgage Services and OneWest Bank, FSB ("OneWest").  ECF No. 1.  On December 28, 2009, Defendants filed an answer to the Complaint as well as a counterclaim ("Counterclaim") against the Plaintiffs.  ECF No. 5.

Plaintiffs filed a First Amended Complaint on July 30, 2010.  ECF No. 43.  On August 23, 2010, Defendants filed a motion for summary judgment as to both the First Amended Complaint and the Counterclaim ("2010 MSJ").  ECF No. 46.  Defendants also filed a Concise Statement of Facts for the 2010 MSJ ("2010 MSJ CSF").  ECF No. 47.  Plaintiffs filed an Opposition to the 2010 MSJ on September 28, 2010, but Plaintiffs did not file a concise statement of facts.  ECF No. 53.  Defendants filed a Response in Support of the 2010 MSJ on November 30, 2010.  ECF No. 56.  This Court held a hearing on the 2010 MSJ on December 13, 2010 and subsequently issued its "Order Granting Defendants/ Counterclaimants' Motion for Summary Judgment" on December 14, 2010 ("2010 MSJ Order").  ECF No. 57 and 59.  On January 6, 2011, the Court issued its "Order Granting Decree of Foreclosure and Appointing Commissioner."  ECF No. 64.  On June 22, 2012, the Court issued its "Order Requiring Another Foreclosure Sale" because Defendants failed to follow the requirements in the January 6, 2011 order.  ECF No. 120.

On November 9, 2012, Plaintiffs filed a "Motion for Dismiss Counterclaimants['] [2010 MSJ Order] Pursuant to FRCP

Rule 12(b)(1) for Lack of Standing to Foreclose" ("Motion to Dismiss").  ECF No. 127.  Defendants Filed a Memorandum in Opposition to Plaintiffs' Motion to Dismiss on December 19, 2012.  ECF No. 130.  Plaintiffs did not file a reply.[1]  See ECF No. 130-132.  The Court determined that the Motion to Dismiss could be decided without a hearing under Local Rule 7.2(d).  ECF No. 135.  On February 26, 2013, this Court issued its "Order Denying Plaintiffs' Motion to Dismiss Defendants/Counterclaimants' Summary Judgment Pursuant to FRCP Rule 12(b)(1)" ("Order Denying the Krakauer Motion to Dismiss").  ECF No. 142.

On December 21, 2012, Defendants filed a "Motion for Order Confirming Foreclosure Sale, Allowance of Costs, Commissions and Fees, Directing Conveyance and for Writ of Possession" ("Motion to Confirm").  ECF No. 131.  This Court originally set a hearing date for the Motion to Confirm for January 29, 2013.  ECF No. 133.

On January 2, 2013, Plaintiffs filed a "Motion for Summary Judgment Pursuant to LR 56.1(g) for Admission of Material Facts Base[d] on Newly Discovered Evidence for Wrongful Foreclosure" ("Krakauer MSJ").  ECF No. 132.  As a result of the

---

[1] Instead of filing a reply for the Motion to Dismiss, Plaintiffs filed a "Motion for Summary Judgment Pursuant to LR 56.1(g) for Admission of Material Facts Base[d] on Newly Discovered Evidence for Wrongful Foreclosure and Strike Defe[]ndant, (Counterclaimant), OneWest Bank, FSB's Memorandum in Opposition."  ECF No. 132.

filing of the Krakauer MSJ, this Court vacated the January 29, 2013 hearing date and notified that parties that the hearing would be reset in the event Defendants prevailed on Plaintiffs' motions.  ECF No. 135.  Defendants filed a Memorandum in Opposition to the Krakauer MSJ on January 22, 2013.  ECF No. 138.  Plaintiffs filed a Motion in Support of the Krakauer MSJ on February 4, 2013.  ECF No. 139.  Plaintiffs also filed a "Submission for Order of Findings of Fact and Conc[l]usions of Law Under Local Rule 52.1," which asked this Court for a judgment reflecting Plaintiffs' arguments in the Krakauer MSJ.  ECF No. 140.  The Court determined that the Krakauer MSJ could be decided without a hearing under Local Rule 7.2(d).  ECF No. 135.  The Court subsequently issued its "Order Denying Plaintiffs' Motion for Summary Judgment" on February 26, 2013 ("Order Denying the Krakauer MSJ").  ECF No. 141.  Subsequently, the Court reset the Motion to Confirm hearing date for March 21, 2013.  ECF No. 143.

Plaintiffs did not file an opposition to the Motion to Confirm.  On March 7, 2013, Defendants filed a Reply to the Motion to Confirm noting Plaintiffs' failure to file an opposition.  ECF No. 145.

On March 4, 2013, less than three weeks before the Motion to Confirm hearing on March 21, Plaintiffs filed a "Motion to Set Aside Order For Good Cause and Motion for Reconsideration Under The FRCP Rule 60(b)(3) As Defendant Also Known As

Counterclaimant Committed Fraud, Misrepresentation, and Misconduct; With More Discovery" ("Motion" or "Motion for Reconsideration")  ECF No. 144.  Plaintiffs ask the Court to reconsider its Order Denying the Krakauer MSJ and its Order Denying the Krakauer Motion to Dismiss.  Id.  Defendants did not file an opposition.  The Court decided to consider the Motion for Reconsideration without a hearing as per Local Rule 7.2(e).

On March 8, 2013, Plaintiffs also filed a "Proof of Superior Lien Hold on This Property in Litigation."  ECF No. 146. The document was not filed as a motion, and Defendants did not file an opposition.  Nevertheless, the Court will consider the document in this order.

## **FACTUAL BACKGROUND**

In August 2002, Plaintiffs bought a vacant lot located at 71-1620 Puulani Place, Kailua-Kona, Hawai'i, 96740 ("Property").  2010 MSJ CSF Ex. G at 4, Ex. M.[2/]  On March 31, 2006, in order to build a home on the Property, Plaintiffs executed and delivered a promissory note ("Note") in favor of IndyMac Bank, FSB ("IndyMac").  2010 MSJ CSF Ex. A, Ex. F, Ex. G

---

[2/] For the purposes of this order, this Court uses Defendants' 2010 MSJ CSF to establish the facts of this case. See D. Haw. Local Rule 56.1(g)("[T]he moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").  As this Court noted in the 2010 MSJ Order, all of the material facts in the 2010 MSJ CSF are deemed admitted because Plaintiffs did not timely file a separate concise statement of facts.  See 2010 MSJ Order at 2 n.1.

at 7.  To secure payment on the Note, Plaintiffs executed a

mortgage encumbering the Property in favor of IndyMac

("Mortgage").   2010 MSJ CSF Ex. B.   The Mortgage was recorded on

April 7, 2006, in the State of Hawai'i Bureau of Conveyances

("Bureau") as Document No. 2006-065052.   2010 MSJ CSF Ex. B.

IndyMac was closed by the United States Office of

Thrift Supervision on July 11, 2008, and the Federal Deposit

Insurance Corporation ("FDIC") was named Conservator of IndyMac.

2010 MSJ Order at 4 n.5, ECF No. 59; Nicholson v. OneWest Bank,

Civ. No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 n.2 (N.D.

Ga. Apr. 20, 2010); FDIC Failed Bank Information,

http://www.fdic.gov/bank/individual/failed/IndyMac.html (last

visited on Feb. 20, 2013).   On March 19, 2009, the FDIC completed

the sale of IndyMac to OneWest, and almost all of IndyMac's

deposits were transferred to OneWest.   Id.

At some point in time subsequent to IndyMac's closure,

the FDIC as Receiver for IndyMac assigned Plaintiffs' Mortgage to

OneWest ("OneWest Assignment").[3/]   2010 MSJ CSF Ex. C, Plntfs.'

Mtn. to Dismiss Ex. A.   The OneWest Assignment was recorded at

the Bureau on July 6, 2010.   Id.   Erica Johnson-Seck signed the

OneWest Assignment as attorney-in-fact for the FDIC as Receiver

for IndyMac.   Id.   The Bureau also has a recorded Assignment of

---

[3/] As this Court noted in its 2010 MSJ Order, the exact time
when IndyMac assigned its interest in the Mortgage to OneWest is
unclear.  2010 MSJ Order at 4 n.5, ECF No. 59.

Mortgage from FDIC as Receiver for IndyMac to OneWest that is dated April 14, 2010, which is signed by both Bryan Bly and Chris Jones, each of whom is an attorney-in-fact for the FDIC ("Bly OneWest Assignment").  Plaintiffs' MSJ Ex. 3.

After Plaintiffs executed the Mortgage and Note, Plaintiffs received about $540,000 toward the construction of a house that was subsequently built on the Property.  See 2010 MSJ CSF Ex. G at 11-13, 40-42.  From August 2008 through April 2009, Plaintiffs made the required payments (many of which were late) under the Note and Mortgage to OneWest.  2010 MSJ CSF Ex. D, Ex. G at 45-46.  After April 2009, Plaintiffs failed to make their scheduled payments under the Note and Mortgage.  2010 MSJ CSF Ex. D, Ex. G at 12-13.  Consequently, on September 10, 2009, OneWest recorded a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" at the Bureau.  2010 MSJ CSF Ex. E.

Plaintiffs filed a First Amended Complaint to prevent OneWest's non-judicial foreclosure sale, and OneWest filed a counterclaim to establish OneWest's right to foreclose the Mortgage and sell the Property.  ECF No. 1, ECF No. 5 at 6-8.  OneWest subsequently filed a Motion for Summary Judgment for both Plaintiffs' First Amended Complaint and OneWest's Counterclaim, which this Court granted in December of 2010.  ECF No. 59.  The Court subsequently issued an order granting decree of foreclosure

and appointing a commissioner to sell the Property on June 22,

2012.[4]   ECF No. 120.

**STANDARD OF REVIEW**

## I. Motion for Reconsideration

A motion for reconsideration must (1) "demonstrate

reasons why the court should reconsider its prior decision" and

(2) "must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision."  Hele Ku KB,

LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289

(D. Haw. 2012).  The Ninth Circuit has held that reconsideration

is appropriate if (1) the district court is presented with "newly

discovered evidence," (2) the district court "committed clear

error or the initial decision was manifestly unjust," or (3) "if

there is an intervening change in controlling law."  Nunes v.

Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).  "Whether or not to

grant reconsideration is committed to the sound discretion of the

court."  Navajo Nation v. Confederated Tribes & Bands of the

Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

Federal Rule of Civil Procedure ("FRCP") 60(b)(3)

allows the Court to provide relief if the opposing party

---

[4] The Court originally issued an order granting decree of
foreclosure and appointing a commissioner in January of 2011, but
the subsequent sale did not conform to the terms of the order.
ECF No. 64, ECF No. 113.  As a result, the Court did not approve
the first sale and issued another order for a second sale of the
Property.  ECF No. 113 and 120.

committed fraud, misrepresentation, or misconduct.  For reconsideration on the basis of fraud, the fraud must not have been discoverable by due diligence before or during the proceeding, and the fraud must be materially related to the submitted issue.  Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); U.S. v. Tanoue, 165 F.R.D. 96, 98 (D. Haw. 1995) (citing Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1988)).  A motion under Rule 60(b)(3) must be made no more than one year after the entry of the order from which a party seeks relief.  FRCP 60(c).

**II. Special Considerations for Pro Se Litigants**

Pro se pleadings and briefs are to be construed liberally.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990).  When a pro se plaintiff technically violates a rule, the court should act with leniency toward the pro se litigant.  Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  However, pro se litigants are "not excused from knowing the most basic pleading requirements."  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must follow the same rules of procedure that govern other litigants.  Motoyama, 864 F. Supp. 2d at 975.

## DISCUSSION

### I.  Whether this Court Erred by Analyzing the Krakauer MSJ under FRCP 60(b)

Although Plaintiffs' argument is difficult to decipher, Plaintiffs appear to argue that this Court erred by considering the Krakauer MSJ as a motion for reconsideration instead of a motion for summary judgment under Local Rule 56.1.  Plntfs.' Mtn. for Recon. at 7 ¶ c.  However, this Court declines to adopt Plaintiffs' interpretation of the Local Rules and the FRCP or grant reconsideration of the Order Denying the Krakauer MSJ on this basis.

The main point of the Krakauer MSJ was to obtain a reversal of this Court's 2010 MSJ Order.  See generally, Krakauer MSJ, ECF No. 132.  Accordingly, the Court did not err in treating the Krakauer MSJ as a motion for reconsideration.  Additionally, the Court notes that Plaintiffs in their current Motion admit to filing for summary judgment under Local Rule 56.1 because Plaintiffs knew that the one year limitation under FRCP 60(c) had already passed.  See Plntfs.' Mtn. for Recon. at 7.  Plaintiffs' statements demonstrate that they filed under Local Rule 56 to improperly attempt to circumvent the time limitation in FRCP 60(c).  The Court may properly reject Plaintiffs' attempt to manipulate the FRCP for their purposes.  See In re Leisure Corp., Civ. No. C-03-03012 RMW, 2007 WL 607696 at *5 (N.D. Cal. 2007)

(court rejected party's attempt to use FRCP 15 to circumvent time restrictions in FRCP 60).

Assuming arguendo that the Krakauer MSJ is an actual motion for summary judgment, this Court properly noted in its prior order that Plaintiffs filed their motion for summary judgment over two years after this case's deadline for dispositive motions. See ECF No. 41. FRCP 16(d) states that a Rule 16 scheduling order controls the course of the case, including the time when dispositive motions are due. See FRCP 16(b)(3)(A)(stating that scheduling order "must limit the time to . . . file motions."). Pro se litigants must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012)). Accordingly, the Court did not err by denying the Krakauer MSJ as untimely because the motion was filed over two years after the dispositive motions deadline. See Ammons v. Bakewell, 481 Fed. Appx. 389 (9th Cir. 2012) (affirming district court's decision to strike pro se prisoner's motion for summary judgment filed after the scheduling order deadline), Ransom v. Johnson, Civ. No. 1:05-cv-00086-OWW-GSA-PC, 2010 WL 2219398 (E.D. Cal. 2010) (striking pro se plaintiff's motion for summary judgment from the record because the motion was untimely filed over one year after the scheduling order deadline), and Haney v. Adams, Civ. No. 1:07-cv-

01104-AWI-SMS (PC), 2012 WL 6097102 at *1 (2012) (striking pro se plaintiff's motions for summary judgment from the record because the motions were filed over six months after the scheduling order deadline).

Plaintiffs did not request the Court to modify the scheduling order. Even if Plaintiffs had done so, a modification would not be appropriate. A modification to a scheduling order may be allowed if there is "good cause." FRCP 16(d), Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In this case, the fraud alleged by Plaintiffs could have been discovered by due diligence in 2010, which means that Plaintiffs have not met the standard for good cause. See Johnson, 975 F.2d at 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end."); See Order Denying Krakauer MSJ at 10-12.

## II. Whether This Court Erred by Denying the Krakauer MSJ as Untimely Under FRCP 60(c)

The Court notes that, as a matter of law, the Court was not required to consider the Krakauer MSJ at all because Plaintiffs' motion for summary judgment violated the Rule 16 scheduling order. However, in consideration of Plaintiffs' pro se status and Plaintiffs' arguments contesting the 2010 MSJ Order, the Court examined the Krakauer MSJ as a motion for

reconsideration under FRCP 60.   ECF No. 135.   The Court found,

inter alia, that the Krakauer MSJ was untimely under FRCP 60(c)

to the extent that the motion relied upon FRCP 60(b)(2) and (3).

See generally Order Denying the Krakauer MSJ, ECF No. 141.

Plaintiffs claim in their Motion for Reconsideration

that relief must be granted under FRCP 60(b)(3) because of fraud

on the part of Defendants.   Plntfs.' Mtn. at 3, Ex. D.

Plaintiffs believe that "there's no statute of limitation on

fraud."   Id.   Contrary to Plaintiffs' beliefs, FRCP 60(c) states

that a motion for reconsideration under FRCP 60(b)(3) must be

filed "no more than a year after the entry of the judgment or

order."   As this Court correctly noted in its Order Denying the

Krakauer MSJ, Plaintiffs filed their MSJ on January 2, 2013, over

two years after this Court issued the 2010 MSJ Order.   ECF No. 59

and 132.

The Court also noted that Plaintiffs could have

discovered any alleged fraud related to the assignments in 2010

because the two assignments were available in 2010.   Order

Denying Krakauer MSJ at 11, See Plntfs.' Mtn. for Recon. Ex. D.

Because the fraud alleged by Plaintiffs could have been

discovered by due diligence before or during the 2010 MSJ

proceedings, the Court did not err by denying the Krakauer MSJ

under FRCP 60(b)(3) as untimely.   See Casey v. Albertson's Inc.,

362 F.3d 1254, 1260 (9th Cir. 2004)(relief under FRCP 60(b)(3)

requires that the fraud "not be discoverable by due diligence
before or during the proceedings") and Smalling v. State of
Arizona, Civ. No. 09-1062, 2009 WL 2177318 (D. Ariz. 2009) (court
denied pro se plaintiff's motion for reconsideration under FRCP
60(b)(3) because plaintiff filed motion over two years after the
judge's prior order).

**III.   Whether this Court Erred by Denying the Krakauer MSJ and
Motion to Dismiss**

Although the above analysis provides sufficient
justification to deny Plaintiffs' Motion for Reconsideration, in
the abundance of caution this Court will address Plaintiffs'
substantive arguments.  Generally, Plaintiffs argue yet again
that Defendant OneWest has no standing to foreclose on the
Mortgage and Note because the assignments signed by Johnson-Seck,
Bly, and Jones are invalid.  See generally, Plntfs.' Mtn. for
Recon.  Plaintiffs' motion does not demonstrate that the Court
erred in the Order Denying the Krakauer MSJ or the Order Denying
the Krakauer Motion to Dismiss.

This Court sufficiently addressed OneWest's standing to
foreclose on the Property in its previous orders.  See 2010 MSJ
Order at 27, 31-34, Order Denying the Krakauer MSJ at 14-15,
Order Denying the Krakauer Motion to Dismiss at 8.  Plaintiffs
have not demonstrated that this Court's analysis under Hawai'i

-14-

law is incorrect.  Accordingly, the Court declines to reverse its

prior decisions.

        Regarding OneWest's assignments, the Court found that

Plaintiffs do not have standing to challenge the validity of the

assignments signed by Johnson-Seck, Bly, and Jones.  <u>See</u> Order

Denying the Krakauer MSJ at 15-16 <u>and</u> Order Denying the Krakauer

Motion to Dismiss at 8-9.  Plaintiffs do not contest this Court's

conclusion that any alleged lack of authority on the part of

Johnson-Seck, Bly, or Jones makes the assignments voidable as

opposed to void.  <u>Id.</u>  Because only the parties who create an

assignment may challenge a voidable assignment, Plaintiffs as

third parties do not have standing to challenge the assignments.

<u>Id.</u>  Plaintiffs do not present any law to the contrary;

accordingly, the Court did not err by concluding that Plaintiffs

could not challenge the validity of the OneWest assignments.

        This Court also noted that Plaintiffs could have

presented their arguments about fraud regarding the assignments

in the 2010 proceedings because the assignment signed by Johnson-

Seck was recorded at the Bureau on July 6, 2010, and the

assignment signed by Bly and Jones was recorded at the Bureau on

April 14, 2010.  <u>See</u> Order Denying the Krakauer MSJ at 11 <u>and</u>

Plntfs.' Mtn. for Recon. Ex. D.  Additionally, the Court noted

that Plaintiffs raised their arguments challenging the validity

of the Johnson-Seck assignment in 2010, and the Court considered

these arguments when it issued its 2010 MSJ Order. Id at 11.

Accordingly, because any alleged fraud could have been discovered

by due diligence before the 2010 proceedings, the Court did not

err by denying the Krakauer MSJ and Motion to Dismiss. See Casey

v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

        Plaintiffs' evidence in their Motion for

Reconsideration does not demonstrate that the Court erred.  The

Youtube video that Plaintiffs present is a video about the

mortgage industry in general and is not material or controlling

on the specific facts of this case.  Plntfs.' Mtn. for Recon. at

3.  As this Court noted in its Order Denying the Krakauer MSJ,

"sweeping accusations concerning the mortgage loan industry" do

not invalidate a specific assignment in the case before the

court.  Order Denying the Krakauer MSJ at 17 (quoting Deutsche

Bank Trust Co., v. Beesley, Civ. No. 12-00067 SOM-KSC, 2012 WL

5383555 at *4 (D. Haw. 2012)).

        Plaintiffs next reassert their evidence alleging that

Johnson-Seck and Bly are robosigners.  Plntfs.' Mtn. for Recon.

at 4.  The Court thoroughly addressed these arguments in its

previous orders; accordingly, the Court need not re-explain the

analysis here.  See Order Denying the Krakauer MSJ at 14-18 and

Order Denying the Krakauer Motion to Dismiss at 7-10.

Plaintiffs' mere disagreement with this Court's prior decisions

is not a sufficient basis for reconsideration.  Hawaii

Stevedores, Inc. v. HT & T Co., 362 F. Supp. 2d 1253, 1269 (D.

Haw. 2005) ("Mere disagreement with a previous order is an

insufficient basis for reconsideration.").

> Plaintiffs again try to contest Johnson-Seck, Bly, and

Jones' power of attorney documents by claiming that the documents

are expired or that Plaintiffs cannot find a valid power of

attorney.  Plntfs.' Mtn. for Recon. at 6.  First, the Court notes

that Plaintiffs lack standing to challenge the assignments on

this basis.  See infra at 13.  Second, Plaintiffs do not provide

any evidence of this claim – they merely make a blind assertion

in their motion.[5/]  This Court is not required to accept

Plaintiffs' assertions as true.

> Plaintiffs also argue that OneWest is only a servicer

for the loan and therefore does not have the right to foreclose

on the Property.  Plntfs.' Mtn. for Recon. at 4.  According to

Plaintiffs, the Consent Order issued by the Office of Thrift

Supervision attached to the Krakauer MSJ proves that IMB HoldCo

is the rightful holder of the Mortgage.  Plntfs.' Mtn. for Recon.

---

[5/] Plaintiffs also allege that this Court ignored their
affidavit filed on February 4, 2013, but the Court properly noted
that Plaintiffs' affidavit standing alone was insufficient to
prove that the power of attorney documents were somehow invalid.
Order Denying the Krakauer MSJ at 12 n.5; Cf. F.T.C. v. Neovi,
Inc., 604 F.3d 1150, 1159 (9th Cir. 2010)(a "conclusory, self-
serving affidavit" that lacks detailed facts and supporting
evidence may not create a genuine issue of material fact for
summary judgment).  Additionally, this Court was not required to
consider the affidavit because it raised new issues in
Plaintiffs' Reply in violation of Local Rule 7.4.  Id.

at 4-5.   Contrary to Plaintiffs' interpretation, the Consent

Order states that OneWest "initiates and handles foreclosure

proceedings."   See Krakauer MSJ Ex. D at 1.   Additionally, IMB

HoldCo does not make any assertions of ownership over the

Mortgage and Note in the Consent Order.   See generally id.   To

the extent that Plaintiffs attempt to use the Consent Order to

establish bad acts on the part of Defendants, this Court

addressed the relevance of the Consent Order in its previous

order and need not reiterate its analysis here.   See Order

Denying the Krakauer MSJ at 17 n.8.

       Finally, Plaintiffs provide a barrage of random facts

and cases about general misconduct on the part of various banks

in order to "prove" that fraud was in fact committed in this

case.   Plntfs.' Mtn. for Recon. at 7-10, Ex. B, & C.[6]   First, as

noted above, sweeping accusations of misconduct by the mortgage

industry in general do not provide material evidence regarding

the facts in this specific case.   Order Denying the Krakauer MSJ

at 17 (quoting Deutsche Bank Trust Co., v. Beesley, Civ. No. 12-

00067 SOM-KSC, 2012 WL 5383555 at *4 (D. Haw. 2012)).   Second,

Plaintiffs' evidence and cases could have been presented in 2010

_____

       [6] The Court rejects Plaintiffs' evidence referring to the
person Lorraine Brown as irrelevant to the facts of this case.
See Plntf.'s Mtn. for Recon. at 9, Ex. C.   Even if Lorraine Brown
owned a company that employed Johnson-Seck at some point in the
past, this has no bearing on this specific case before the Court.

and therefore do not qualify for reconsideration. See Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

**IV. Whether Plaintiffs Have a Right to a Jury Trial**

Plaintiffs make a demand for a trial by jury in their Motion for Reconsideration. Plntfs.' Mtn. for Recon. at 9. However, Plaintiffs are not entitled to a jury trial. "The very existence of a summary judgment provision demonstrates that no right to a jury trial exists unless there is a genuine issue of material fact suitable for a jury to resolve." Etalook v. Exxon Pipeline Co., 831 F.2d 1440, 1447 (9th Cir. 1987) (rejecting party's demand for jury trial because plaintiff did not demonstrate existence of a genuine issue of material fact). In the 2010 MSJ Order, this Court granted summary judgment because Plaintiff did not prove the existence of a genuine issue of material fact necessitating a trial. See generally, 2010 MSJ Order.[7] Plaintiffs cannot attempt to create a material issue of fact over two years after this Court issued its 2010 MSJ Order. Accordingly, Plaintiffs are not entitled to a jury trial at this late stage of the proceedings.

**V. Plaintiffs' Proof of Superior Lien Hold Document**

---

[7] The Court noted in its 2010 MSJ Order that Plaintiff did not timely file a separate concise statement of facts or otherwise demonstrate that a genuine issue of material fact existed to require a trial. See 2010 MSJ Order at 2 n.1 and Order Denying the Krakauer MSJ at 3 n.1.

Plaintiffs' Proof of Superior Lien Hold document does not affect the Court's prior rulings in this case.  First, the document provides financing statements from California; these statements do not affect the title of the Property, which is located in Hawaii.  See H.R.S. § 502-83.  Second, Plaintiffs do not attach the content of the financing statements, and this Court is not required to accept Plaintiffs' word that the statements validly affect the status of the Property.  Third, the financing statements were filed in October 2010, which is subsequent to the time that Defendants established an interest in the Property.  See 2010 MSJ CSF Ex. A, Ex. B, Ex. C.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration Under FRCP Rule 60(b)(3) and Plaintiffs' Proof of Superior Lien Hold.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, March 19, 2013.



_____
Alan C. Kay
Sr. United States District Judge

Krakauer et al. v. Indymac Mortgage Services et al., Civ. No. 09-00518 ACK-BMK: ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER FRCP RULE 60(b)(3) and PLAINTIFFS' PROOF OF SUPERIOR LIEN HOLD.