IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEAN KRAKAUER and ROBBIN KRAKAUER, | CIVIL NO. 09-00518 ACK-BMK |
| Plaintiffs, | ORDER DENYING MOTION TO DISQUALIFY JUDGE ALAN C. KAY |
| vs. | |
| INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB, A FEDERAL SAVINGS BANK; ONEWEST BANK, FSB; DOES 1-20, | |
| Defendants. | |
| INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK, FSB, A FEDERAL SAVINGS BANK; ONEWEST BANK. | |
| Counterclaimants, | |
| vs. | |
| DEAN KRAKAUER and ROBBIN KRAKAUER, | |
| Counterclaim Defendants. | |

**ORDER DENYING MOTION TO DISQUALIFY JUDGE ALAN C. KAY**

# I. **INTRODUCTION**

On October 29, 2009, Plaintiffs Dean Krakauer and Robbin Kathleen Krakauer ("Plaintiffs") filed this action to prevent Defendants IndyMac Mortgage Services and OneWest Bank ("Defendants") from foreclosing on their property. In response, Defendants filed an Answer and Counterclaim seeking, among other things, the appointment of a Commissioner to sell the property to satisfy the mortgage loan Defendants hold on the property. This action has been actively litigated and Defendants have thus far obtained the relief they seek -- on January 6, 2011, Senior U.S. District Judge Alan C. Kay ("Judge Kay") entered an Order Granting Decree of Foreclosure and Appointing Commissioner, Doc. No. 64; and on March 29, 2013, Judge Kay entered an Order Confirming the Foreclosure Sale. Doc. No. 161.

Despite these Orders disposing of the property, Plaintiffs have recently filed a number of motions, including an April 16, 2013 "Motion to Recuse Magistrate [sic] Alan C. Kay" ("Motion to Disqualify" or "Motion") from this action.[1] Doc. No. 163. This Motion was referred to the undersigned because it

---

[1] Plaintiffs have also recently filed motions challenging Defendants' standing, Doc. No. 127; for summary judgment, Doc. No. 132; asserting failure to properly serve, Doc. No. 136; for reconsideration pursuant to Rule 60(b)(3), Doc. No. 144; to have an attorney in fact make appearances, Doc. No. 157; and to vacate the order of judgment, Doc. No. 164. Except for the motion to vacate, filed on April 16, 2013 and currently pending, all motions have been denied.

asserts that Judge Kay has a personal bias or prejudice in this action and therefore must be recused pursuant to 28 U.S.C. § 144. Doc. No. 167. The matter is suitable for decision under Local Rule 7.2(d) without an oral hearing. Based on the following, the Motion to Disqualify is DENIED.

## II. DISCUSSION

The applicable standards for disqualification or recusal of a federal judge are found in 28 U.S.C. §§ 144 and 455.[2] As provided in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

[2] Plaintiffs' Motion to Disqualify refers to both §§ 144 and 455. Judge Kay has already denied an oral motion to disqualify pursuant to § 455. Doc. No. 159. Although Plaintiffs did not submit an affidavit in support of their Motion as required by 28 U.S.C. § 144, the court liberally construes the Motion as brought pursuant to both §§ 144 and 455 in light of Plaintiffs' pro se status.

Section 455 similarly provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>> (1) Where he has a personal bias or prejudice concerning a party[.]

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (quotations omitted).

Plaintiffs argue that Judge Kay has a conflict of interest because this action involves the banking industry, and before joining the bench Judge Kay was

on the board of directors of Bank of Hawaii and Hawaii Bancorp.[3] Doc. No. 163. Mot. at 3-4. Plaintiffs further assert that a conflict exists because Bank of Hawaii is insured with the Federal Deposit Insurance Corporation (the "FDIC") and the "FDIC happens to be a part of this case as they have given, 'Limited Power of Attorney, to, [sic] Erica A. Johnson-Seck, which, [sic] Erica A. Johnson-Seck, is the Robo-Signers [sic] on one of the bogus Assignments of Mortgage in this above mentioned case." *Id.* at 4.

These arguments are frivolous. Plaintiffs ask the court to find bias based on the mere fact that prior to being appointed a federal judge, Judge Kay worked in the banking industry such that he must favor the banking industry in cases brought before him. But Judge Kay was appointed to the bench in 1986 -- twenty-seven years ago -- such that no reasonable person with knowledge of all these facts would conclude that Judge Kay's impartiality might reasonably be questioned. Rather, the timing of the Motion to Recuse -- brought over three years after Plaintiffs filed this action and just after the Order Confirming Sale -- suggests that Plaintiffs are simply raising *any* argument, regardless of merit, in an attempt to stall this action. *See Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) (explaining that motions to recuse must be brought with "reasonable promptness

---

[3] The court assumes these assertions to be true for purposes of the Motion to Disqualify.

after the ground for such a motion is ascertained" because otherwise, "the absence of such a requirement would result in increased instances of wasted judicial time and resources and a heightened risk that litigants would use recusal motions for strategic purposes"); *see also United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) ("[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention."). The court therefore DENIES Plaintiffs' Motion to Recuse.

### III.  CONCLUSION

In sum, after careful review of the record, the court finds no basis for Judge Kay's disqualification.  Plaintiffs' Motion to Disqualify Judge Alan Kay is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 23, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Krakauer et al. v. IndyMac Mortg. Servs. et al.*, Civ. No. 09-00518 ACK/BMK, Order Denying Motion to Disqualify Judge Alan C. Kay