IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEAN KRAKAUER, et al. ) | CV. NO. 09-00518 ACK-BMK |
| ) | |
| Plaintiffs, ) | FINDINGS AND |
| ) | RECOMMENDATION THAT |
| vs. ) | DEFENDANTS' MOTION FOR |
| ) | ATTORNEYS' FEES BE |
| INDYMAC MORTGAGE ) | GRANTED |
| SERVICES, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANTS'
MOTION FOR ATTORNEYS' FEES BE GRANTED

Before the Court is Defendants/Counterclaimants Indymac Mortgage Services and ONEWEST Bank, FSB's (collectively, "Defendants") Motion for Attorneys' Fees. (Doc. # 172.) After careful consideration of the motion and the supporting memoranda, the Court FINDS and RECOMMENDS that this motion be GRANTED.[1]

The background of this case is summarized in the Court's Order Confirming the Foreclosure Sale. (Doc. # 161.) Briefly stated, the Court

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

confirmed the foreclosure sale and found that the Commissioner's fees were reasonable. (Id. at ¶¶ 7, 8.) At the hearing on the Motion for Order Confirming Foreclosure Sale, the Court asked Charles Prather to submit an affidavit regarding attorneys' fees. (Doc. # 152.) The Court subsequently asked that he submit a motion for attorneys' fees. (Doc. # 168.) The instant motion for attorneys' fees followed, and Plaintiffs Dean Krakauer and Robbin Krakauer did not file any opposition to the motion.

"An award of attorneys' fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc., 824 F.2d 740, 744 (9th Cir. 1987). In this case, Defendants are entitled to attorneys' fees pursuant to Sections Nine and Twenty-two of the Mortgage, which allow reasonable attorneys' fees for enforcing the note. (Mem. in Supp. of Mot. Exs. A & B.)

The Court also finds that Defendants' request for attorneys' fees is reasonable. To determine whether a fee award is reasonable, the Court must scrutinize the reasonableness of "(a) the number of hours expended and (b) the hourly fee claimed." Long v. I.R.S., 932 F.2d 1309, 1313-14 (9th Cir. 1991). If those two figures are reasonable, then "there is a 'strong presumption' that their

product, the lodestar figure, represents a reasonable award." Id. "The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary."[2] Id.

In "determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir.1986)). Defendants seek hourly rates of $250 for Charles Prather and Peter Stone, and $85 for their paralegal. (Doc. # 165, Prather Aff. ¶¶ 5, 6, 7.) Based on the Court's familiarity with the prevailing rates in this

---

[2] The Ninth Circuit has adopted the following factors to guide the Court's evaluation of a fee award:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

community, the Court finds that these rates are reasonable.

The Court has also reviewed the number of hours spent on this case, and finds that the 75.4 hours spent are reasonable. Based on the foregoing, and in the absence of any objection by Plaintiffs, the Court concludes that Defendants are entitled to $18,074.50 in attorneys' fees. (Prather Aff. at ¶ 3.)

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Defendants' Motion for Attorneys' Fees be GRANTED. Defendants are awarded $18,074.50 in attorneys' fees.

DATED: Honolulu, Hawaii, July 19, 2013.

IT IS SO FOUND AND RECOMMENDED.



      /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Krakauer v. Indymac Mortgage Services; Civ. No. 09-00518 ACK-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR ATTORNEYS' FEES BE GRANTED