IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

———————————————————  )
                                               )
DEAN KRAKAUER and ROBBIN         )
KRAKAUER,                                )
                                               )
                   Plaintiffs,             )
                                               )
            vs.                              )
                                               )     Civ. No. 09-00518 ACK-BMK
                                               )
INDYMAC MORTGAGE SERVICES, A   )
DIVISION OF ONEWEST BANK, FSB,  )
A FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB; and DOES 1-20,          )
                                               )
                   Defendants.            )
                                               )
———————————————————  )
                                               )
INDYMAC MORTGAGE SERVICES, A   )
DIVISION OF ONEWEST BANK, FSB,  )
A FEDERAL SAVINGS BANK; ONEWEST )
BANK, FSB,                              )
                                               )
            Counterclaimants,          )
                                               )
            vs.                              )
                                               )
DEAN KRAKAUER and ROBBIN         )
KRAKAUER,                                )
                                               )
            Counterclaim               )
            Defendants.                  )
———————————————————  )

### ORDER DENYING PLAINTIFFS' MOTION TO VACATE AND GRANTING DEFICIENCY JUDGMENT IN FAVOR OF DEFENDANTS/COUNTERCLAIMANTS AGAINST PLAINTIFFS

This is a civil action involving the foreclosure of a

Mortgage and Note encumbering the property located at 71-1620 Puu

Lani Place, Kailua-Kona, Hawaii 96740, and designated as Tax Map

-1-

Key No. (3) 7-1-006-081-0000 (the "Property").  The Mortgage and

Note had been assigned to Defendant OneWest Bank, FSB,[1] who

foreclosed on the Mortgaged Property to recover the amounts owed

under the loan documents.

      Defendants filed a Motion for Summary Judgment in 2010,

and this Court issued its "Order Granting Defendants/

Counterclaimants' Motion for Summary Judgment" on December 14,

2010 ("2010 MSJ Order").  ECF No. 59.  The Court appointed a

Commissioner and the Property was subsequently sold at a

foreclosure sale.  ECF Nos. 120 & 124.  Defendants filed a Motion

for Order Confirming the Foreclosure Sale; one of the documents

Defendants submitted in connection with its Motion was a Notice

of Submission containing a Second Continued Declaration of

Indebtedness with the amount that Plaintiffs owed to Defendants.

ECF No. 148.  After holding a hearing and considering the

parties' arguments, the Court issued its Order Confirming the

Foreclosure Sale on March 29, 2013, which confirmed the sale of

the Mortgaged Property to IndyMac Mortgage Services, a Division

of OneWest Bank, FSB.  ECF No. 161 at 5.  In the Order Confirming

the Foreclosure Sale, the Court reserved jurisdiction to enter a

deficiency judgment.  Id. at 9 ¶ 11.

---

[1] The Court understands that IndyMac Mortgage Services is a
division of OneWest Bank.

Before issuing the deficiency judgment, the Court required Defendants' counsel, Mr. Prather, to file an affidavit in support of his requested attorneys' fees.  ECF No. 159.  Mr. Prather submitted the requested affidavit on April 17, 2013.  ECF No. 165.  Meanwhile, Plaintiffs filed a Motion to Recuse the undersigned on April 16, 2013.  ECF No. 163.  Plaintiffs also filed a "Motion to Vacate Order or Judgment" on April 16, 2013 ("Motion to Vacate").  ECF No. 164.[2/]  The issue regarding Mr. Prather's fees was assigned to a magistrate judge, who subsequently required Mr. Prather to file a motion for attorneys' fees by May 22, 2013.  ECF No. 168.  Plaintiffs' Motion to Recuse was subsequently denied on April 23, 2013 in an order issued by Judge Seabright.  ECF No. 169.  Mr. Prather did not file his Motion for Attorneys' Fees until May 22, 2013.  The magistrate judge issued his findings and recommendation regarding Defendants' Motion on July 19, 2013.  ECF No. 174.  Under Local Rule 74.2, the parties had fourteen days to submit an objection to the magistrate judge's findings and recommendation.  Neither party filed an objection.  The Court adopted the magistrate judge's findings and recommendation in its Order Adopting Magistrate Judge's Findings and Recommendation dated August 15,

---

[2/] The Court has determined that this Motion can be considered without a hearing under Local Rule 7.2(e), and accordingly addresses this Motion and the deficiency judgment in the instant order.

2013.  ECF No. 176.  The Court has decided to address the remaining issues in this case, namely the deficiency judgment and Plaintiffs' Motion to Vacate, in the instant order.

<u>**I. PLAINTIFFS' MOTION TO VACATE**</u>

**A. Standard of Review**

Almost two years after the Court issued its 2010 MSJ Order, Plaintiffs filed a series of motions contesting the 2010 MSJ Order and Defendants' right to foreclose; the Court subsequently denied each motion after considering the merits of each one.  ECF Nos. 137 (Order Denying Plaintiffs' Motion to Dismiss Defendants' Motion for Order Confirming Foreclosure Sale), 141 (Order Denying Plaintiffs' Motion for Summary Judgment Pursuant to LR 56.1(g)), 142 (Order Denying Plaintiffs' Motion to Dismiss Defendants/Counterclaimants 2010 Summary Judgment Pursuant to FRCP 12(b)(1)), 150 (Order Denying Plaintiffs' Motion for Reconsideration under FRCP 60(b)(3)).  Thus, the issues presented in Plaintiff's Motion to Vacate have been previously considered by this Court.  Remarkably, Defendants have failed to file any opposition to Plaintiff's Motion to Vacate.

Plaintiffs fail to articulate which Federal Rule of Civil Procedure ("FRCP" or "Rule") or Local Rule governs the instant Motion to Vacate.  Because Plaintiffs once again challenge the validity of the 2010 MSJ Order, the Court considers the Motion to Vacate under FRCP 60(b).

-4-

### 1. Motion for Reconsideration

A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

FRCP 60(b) permits the Court to relieve a party from an order for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been, inter alia, satisfied, released or discharged, and (6) any other reason that justifies relief. Plaintiffs' arguments do not fall within the categories of FRCP

-5-

(60)(b)(1), (2), (3), (4), or (5).  The Court therefore analyzes Plaintiffs' arguments under FRCP 60(b)(6).

Rule 60(b)(6) should be utilized "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997) (abrogation on other grounds recognized by Jackson v. Roe, 425 F.3d 654, 658-61 (9th Cir. 2005)).  Furthermore, the "extraordinary circumstances" identified by a party must be circumstances beyond the party's control.  See U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

## 2. Special Considerations for Pro Se Litigants

Pro se pleadings and briefs are to be construed liberally.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696 (9th Cir. 1990).  When a pro se plaintiff technically violates a rule, the court should act with leniency toward the pro se litigant.  Motoyama v. Haw. Dep't of Transp., 864 F. Supp. 2d 965, 975 (D. Haw. 2012); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).  However, pro se litigants are "not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must follow the same rules of procedure that govern other litigants.  Motoyama, 864 F. Supp. 2d at 975.

**B. Discussion**

   **1. Whether this Court should Vacate the 2010 MSJ Order.**

      Plaintiffs present three arguments, none of which merit reconsideration under Rule 60(b).

      Plaintiffs first argue that the 2010 MSJ Order should be vacated because the undersigned is biased in this case.  Mtn. to Vacate at 2.  The basis for Plaintiffs' argument is that the undersigned was once on the Board of Directors for First Hawaiian Bank and Hawaii Bancorp over twenty-seven years ago.[3/]  <u>Id.</u> However, Judge Seabright considered Plaintiffs' arguments in their Motion to Recuse the undersigned and denied Plaintiffs' Motion.  ECF No. 169.  After examining the proceedings in this case and the fact that the undersigned's service as a member of the bank's board of directors ended twenty-seven years ago, Judge Seabright determined that "no reasonable person with knowledge of all these facts would conclude that Judge Kay's impartiality might reasonably be questioned."  ECF No. 169 at 406.

      Contrary to Plaintiffs' assertions, the record demonstrates that Plaintiffs' numerous motions and arguments were carefully considered by this Court.  ECF Nos. 137, 141, 142, 149, 150, 159, 161.  Furthermore, this Court ordered a second foreclosure sale after finding that the first foreclosure sale

---

      [3/] The undersigned was on the Board of Directors for Bank of Hawaii, not First Hawaiian Bank.

had not been properly conducted.   Order Requiring Another

Foreclosure Sale, ECF No. 120.   Accordingly, the Court denies

Plaintiffs' Motion to Vacate the 2010 MSJ Order because the 2010

MSJ Order was not a result of improper bias.

Plaintiffs next allege that the Court violated their

Sixth Amendment Right to "counsel of their choice" by denying

their request to allow Mr. Williams to represent them.   Mtn. to

Vacate at 2.   Contrary to Plaintiffs' argument, the Court may

prevent an unlicensed individual from representing a party before

this Court.

As an initial point, the Sixth Amendment applies only

to criminal cases, not civil cases like the instant foreclosure

dispute between Plaintiffs and Defendants.   U.S. Const. amend.

VI.

Second, the Court did not err in refusing to allow Mr.

Williams to appear as an attorney in this case because he failed

to meet the attorney admission requirements of Local Rule 83.1.

Under L.R. 83.1, Mr. Williams must be an active member of the

Hawaiʻi bar or qualify for pro hac vice status, which also

requires membership with a state bar.   The Supreme Court has held

that "[s]ince the founding of the Republic, the licensing and

regulation of lawyers has been left exclusively to the States."

Leis v. Flynt, 439 U.S. 438, 442 (1979).   Under Haw. Rev. Stat. §

605-2, "no person shall be allowed to practice in any court of

the State unless that person has been duly licensed so to do by the supreme court." The only exception to this rule is pro se parties, who are allowed to represent themselves. H.R.S. § 605-2.

In this case, the Court considered Plaintiffs' request prior to the hearing confirming the foreclosure sale and issued a minute order explaining that Mr. Williams did not qualify as an attorney. ECF No. 149. The Court also denied Plaintiffs' request at the hearing (ECF No. 159) and referred to Mr. Williams' correspondence in the Order Confirming the Foreclosure Sale issued after the hearing. ECF No. 161 at 2. The Court once again reiterates that Mr. Williams conceded that he is not an attorney as evidenced by his following statement: "I have not applied to nor will I ever apply to the BAR association for a license to practice law." ECF No. 153. Thus, Mr. Williams does not qualify to represent Plaintiffs as an attorney. While Plaintiffs may speak on their own behalf as pro se litigants; an unlicensed person may not appear as Plaintiffs' attorney to speak on Plaintiffs' behalf. Accordingly, the Court did not err by denying Plaintiffs' request for Mr. Williams to appear as their counsel.[4]

---

[4] Plaintiffs' signed "Power of Attorney" appointing Mr. Williams as their "Attorney in Fact or Private Attorney General" has no effect on whether Mr. Williams himself legally qualifies to practice law before this Court.

Plaintiffs' last argument is that this Court erred by
granting summary judgment, which in effect precluded Plaintiffs
from having their case tried by a jury.  Mtn. to Vacate at 3.  As
mentioned in this Court's previous March 19, 2013 order (ECF No.
150), Plaintiffs are not entitled to a trial by jury under the
Seventh Amendment because there is no "genuine issue of material
fact suitable for a jury to resolve."  Etalook v. Exxon Pipeline
Co., 831 F.2d 1440, 1447 (9th Cir. 1987).  This Court granted
summary judgment in favor of Defendants after considering the
legal principles and facts presented by the parties.  2010 MSJ
Order, ECF No. 59.  "As the Supreme Court held, over one hundred
years ago, a summary judgment proceeding does not deprive the
losing party of its Seventh Amendment right to a jury trial."  In
re Slatkin, 525 F.3d 805, 811 (9th Cir. 2008) (citing Fidelity &
Deposit Co. of Maryland v. U.S., 187 U.S. 315, 319-21); see
Etalook, 831 F.2d at 1447 ("The very existence of a summary
judgment provision demonstrates that no right to a jury trial
exists unless there is a genuine issue of material fact.").
Accordingly, Plaintiffs Seventh Amendment rights were not
violated by this Court's 2010 MSJ Order.

For the foregoing reasons, the Court DENIES Plaintiffs'
Motion to Vacate filed on April 16, 2013.  ECF No. 164.

## II. DEFENDANTS' DEFICIENCY JUDGMENT AGAINST PLAINTIFFS

1. Pursuant to the Order Granting Defendants/Counterclaimants' Motion for Summary Judgment (ECF No. 59) and the Order Confirming the Foreclosure Sale (ECF No. 161), the amount due and owing by the Plaintiffs to Defendants, calculated through December 21, 2012, is as follows:[5]

| | |
|---|---|
| Principal Balance | $543,421.88 |
| Interest | $89,629.76 |
| Late Charges | $429.54 |
| Escrow Advances Due | $33,468.27 |
| Property Preservation | $160.00 |
| Property Inspections | $1,075.00 |
| BPO/Appraisal Fees | $2,250.00 |
| Payments/Credits to Escrow | ($1,625.00) |
| Total: | $668,809.45[6] |

---

[5] At the hearing on March 21, 2013, the Court asked Defendants' counsel why the amount was not updated.  Defendants' counsel indicated that Defendants chose to provide the above information for the amounts of indebtedness despite the fact that the amounts only cover the period through December 21, 2012.  See Notice of Submission, Ex. 1 at 2-3, ECF No. 148-1.  Accordingly, the Court adopts the amount due and owing based on the information provided by Defendants.

[6] In the Order Confirming the Foreclosure Sale filed on March 29, 2013, this Court reserved jurisdiction to adjust the total amount owed after determining the award of attorneys' fees and costs.  See Order Confirming the Foreclosure Sale, ECF No. 161.  The Court subtracted the attorneys fees and costs from the amount Defendants submitted in their March 2013 Notice of Submission because the issue of an award of attorneys' fees and
(continued...)

At the March 21, 2013 hearing confirming the foreclosure sale, this Court ordered Defendants' attorney to file an affidavit in support of his requested attorneys' fees.  ECF No. 159.  The attorneys' fees issue was assigned to the magistrate judge, who on April 22, 2013, ordered Defendants' counsel to submit a motion for attorneys' fees by May 22, 2013. ECF No. 168.  Defendants' counsel filed his motion on May 22, 2013; after considering the motion, the magistrate judge issued a Findings and Recommendation on July 19, 2013 approving Defendants' requested fee amount of $18,074.50.  ECF No. 174.  No objections were filed within the fourteen day period allotted by Local Rule 72.4; as a result, and after carefully reviewing Defendants' Motion, the Court approved the Findings and Recommendation in its Order Adopting Magistrate Judge's Findings and Recommendation dated August 15, 2013.  ECF No. 176. Accordingly, Defendants' fee amount of $18,074.50 will be added to the total amount Plaintiffs owe to Defendants.[7]

The Court also awards per diem interest as explained in the terms of the Modification Agreement to the Note, signed by

---

[6] (...continued)
costs needed to be decided by the Court.  <u>See</u> Notice of Submission, Ex. 1 at 3, ECF No. 148-1.  In this order, the Court adds the attorneys fees amount that was awarded by the magistrate judge and adopted as the order of this Court, as discussed infra at 12.  <u>See</u> ECF Nos. 174 and 176.

[7] Defendants did not ask for costs in their Motion for Attorneys' Fees.  <u>See</u> ECF Nos. 172 and 174.

Plaintiffs on July 8, 2008.  Def.'s Concise Statement of Facts

Ex. F, ECF No. 47-7 at page 32 of 39.  Per diem interest at the

rate of $57.69[8/] accrued from December 22, 2012 until June 30,

2013, resulting in an amount of $11,018.79.  Per diem interest at

the rate of $52.11 accrued from July 1, 2013 until August 15,

2013, the date of entry of this Judgment, resulting in an amount

---

[8/] According to the terms of the Adjustable Rate Rider
supplementing the Mortgage, Plaintiffs are required to pay
interest on the unpaid principal according to the rate formula in
the Rider.  See Defs.' Concise Statement of Facts, Ex. B,
Adjustable Rate Rider at 2, ECF No. 47.  The Rider was modified
by a Modification Agreement signed by Plaintiffs on July 8, 2008.
Id. at Ex. F, Modification Agreement at 2 ¶ 4(B).  To calculate
the interest rate, one must first find the proper Index rate,
defined as "the average of interbank offered rates for one-year
U.S. dollar denominated deposits in the London market ("LIBOR"),
as published in *The Wall Street Journal*."  Id. at Ex. F,
Modification Agreement at 2 ¶ 4(B).  The Index rate used is the
figure available as of the date 45 days before the "Change Date."
Id.  In this case, the "Change Date" is July 1 based upon the
Modification Agreement.  Id. at Ex. F, Modification Agreement at
2 ¶ 4(A).  As a result, there is a difference between the per
diem interest calculated before July 1, 2013 and the per diem
interest calculated after July 1, 2013.

For the rate before July 1, 2013, Defendants submitted a per diem
interest rate of $57.69.  See Notice of Submission, Ex. 1 at 3,
ECF No. 148-1.  This rate was calculated according to the terms
set forth in the Modification Agreement by (1) counting 45 days
before July 1, 2012 (resulting in a date of May 17, 2012), (2)
taking the LIBOR rate for that day (1.06795), (3) adding the
LIBOR rate to the interest rate in the Modification Agreement
(2.750%), resulting in a rate of 3.81795%, (4) rounding the
result to the nearest one-eighth of one percentage point
(0.125%), resulting in an interest rate of 3.875%, (5)
multiplying the interest rate by the unpaid principal
($543,421.88) for a total of $21,057.70, and (6) dividing the
total amount of interest by 365 days in the year to obtain a per
diem rate of $57.69.  Def.'s Concise Statement of Facts Ex. F,
Modification Agreement at 2-3 ¶ 4, ECF No. 47-7.

-13-

of $2,397.06.[9/]   Accordingly, the total amount of per diem

interest calculated from December 22, 2012 until August 15, 2013

is $13,415.85.

The total amount Plaintiffs owe to Defendants,

including attorneys' fees and per diem interest, is $700,299.80

(composed of $668,809.45 + $18,074.50 + $13,415.85).

2. On March 29, 2013, the Court confirmed the sale of

the Property to Defendants for the amount of $504,599.00, which

was deemed a proper, fair, reasonable, and equitable price under

the circumstances.   ECF No. 161.   The Court also awarded the

Commissioner fees and costs in the amount of $7,112.52 to be

subtracted from the proceeds of the sale.[10/]   Id.   The remaining

---

[9/] The Court calculated the per diem interest rate for the
time period after July 1, 2013 according to the terms of the
Modification Agreement by (1) counting 45 days before July 1,
2013 (resulting in a date of May 17, 2013), (2) taking the LIBOR
rate for that day (0.68839), (3) adding the LIBOR rate to the
interest rate in the Modification Agreement (2.750%), resulting
in a rate of 3.43839%, (4) rounding the result to the nearest
one-eighth of one percentage point (0.125%), resulting in an
interest rate of 3.5%, (5) multiplying the interest rate by the
unpaid principal ($543,421.88) for a total of $19,019.77, and
then dividing the total by 365 days in the year to obtain a per
diem rate of $52.11.   Def.'s Concise Statement of Facts Ex. F,
Modification Agreement at 2-3 ¶ 4, ECF No. 47-7.

[10/] Because Defendants offered the winning bid of $504,559.00
and did not need to submit cash payment, Defendants should ensure
that the Commissioner's fees and costs are paid from the
"proceeds" of the foreclosure sale.

-14-

proceeds from the foreclosure sale are therefore $497,486.48.[11/] ECF No. 161.

     3. The Court approves and authorizes the application of the remainder of the foreclosure sale proceeds to the amount of Plaintiffs' indebtedness as noted above.

     Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that Deficiency Judgment is entered in favor of Defendant/Counterclaimant OneWest Bank, FSB against Plaintiffs Dean Krakauer and Robbin Krakauer in the amount of $202,813.32 (total amount of indebtedness ($700,299.80) - foreclosure sale proceeds ($497,486.48)).  Per diem interest shall accrue on the judgment at the rate of 0.12% pursuant to 28 U.S.C. § 1961.

     The Court reserves jurisdiction to (1) approve of the Commissioner's Deed and order its delivery to OneWest Bank, FSB, and (2) to issue any orders that are necessary to allow the Commissioner and Defendants to take possession of the Mortgaged Property and to dispose of any forfeited or abandoned personal property remaining therein.  See Order Confirming the Foreclosure Sale at 7, ¶ 4 and 8, ¶ 6.  Additionally, this Court's Order

---

[11/] The Court in its Order Confirming the Foreclosure Sale authorized the Commissioner to pay any delinquent and accrued real property taxes.  Order Confirming the Foreclosure Sale at 7, ECF No. 161.  The Commissioner filed a Supplemental Affidavit on August 15, 2013, indicating that the Commissioner did not incur additional expenses or costs beyond those shown in the Second Commissioner's Report filed on September 7, 2012 (ECF No. 124). ECF No. 175.

Confirming the Foreclosure Sale filed on March 29, 2013 became effective on April 4, 2013, because Plaintiffs failed to submit satisfactory evidence that Defendants received payment in full of all amounts due under the Mortgage and Note.  See Order Confirming Foreclosure Sale at 9-10, ¶ 12, ECF No. 161.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai'i, August 15, 2013.



_____
Alan C. Kay
Sr. United States District Judge


Krakauer, et al. v. IndyMac Mortgage Services, et al., Civ. No. 09-00518 ACK-BMK: ORDER DENYING PLAINTIFFS' MOTION TO VACATE AND GRANTING DEFICIENCY JUDGMENT IN FAVOR OF DEFENDANTS/COUNTERCLAIMANTS AGAINST PLAINTIFFS.